UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:08CR0239 HEA |
| CURTIS RAINEY, | ) | |
| Defendant. | ) | |

## ORDER DENYING RECONSIDERATION OF DETENTION

This matter came before the Court on Defendant's pro se letter to the Court requesting that he be released on bond due to a change in circumstances. The letter was docketed by the District Judge as a motion to set bond (Doc. #26), and referred to the undersigned, and was thereafter scheduled for hearing.

Defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A hearing on the government's motion for pretrial detention was initially held on May 16, 2008. Neither parties raised any objections to the information contained in the Pretrial Services Report (PSR) dated May 14, 2008. At the time, Defendant's state probation had been revoked and he was then serving a state sentence, and had been brought before the Court on a writ. Because he was not then eligible for release, Defendant waived his right to a detention hearing, and an order of detention was therefore entered on May 16, 2008. (Doc. #11). On July 21, 2008, Defendant filed a motion to continue the August 4, 2008 trial setting to permit Defendant to obtain a mental

health evaluation. (Doc. # 24). That motion was granted, and the trial will presumably be rescheduled after the completion of the mental health evaluation.

Having completed his state sentence on or about August 2, 2008, Defendant now seeks reconsideration of the Order of pretrial detention. A hearing was held on Defendant's motion for reconsideration on August 8, 2008. The government was represented by Assistant United States Attorney Patrick Judge. Defendant was present and represented by his attorney, Assistant Federal Public Defender Michael Dwyer, who represented that some of Defendant's family members and his fiancé were in the courtroom. At the hearing, Defendant offered by way of proffer that Defendant could live with his mother and suggested that Defendant could be released on an unsecured bond with home detention and electronic monitoring. He further argued that a release would permit Defendant to continue to work as a licensed carpenter, work he believed he could obtain, and would facilitate obtaining his mental evaluation. The government opposed Defendant's motion, noting Defendant's prior criminal history, his history of violating the terms of his probation, including failing to report as required, the circumstances surrounding his current charges, and the fact that he now faces a 15-year mandatory minimum sentence. Neither party had any objection to the supplemental PSR dated August 5, 2008, which set forth the circumstances surrounding the arrest of Defendant on the instant charges, and which the Court adopts and incorporates herein.

As set forth in the PSR and supplemental PSR, Defendant is 36 years old and a lifelong resident of the State of Missouri, having resided at multiple locations throughout the state. He is currently engaged to Katina Verdier, with whom he has two children, and

was previously ordered to pay child support for one of those children.  Defendant has been self-employed as a carpenter, and at the time of his arrest was living with Ms. Verdier in a home she is purchasing.  Defendant has a substantial criminal history, including convictions for narcotics offenses, burglary, assault 3rd degree, resisting/interfering with arrest, and assault on a law enforcement officer.  He was most recently convicted of domestic assault 3rd degree in July, 2006.  His probation for this offense was revoked, based in part on the incident giving rise to the indictment herein, and it is the sentence executed as a result of this revocation that Defendant was serving when he had his initial detention hearing before the undersigned.  The Court further notes that a full order of protection was also issued against Defendant in July 1995, and other temporary orders of protection were also issued in three additional instances as a result of domestic abuse charges, but were dismissed for the state's failure to prosecute.  Defendant also has a substantial history of substance abuse.

18 U.S.C. § 3142(g) sets forth the factors to be considered by the Court when considering the issue of detention or release on bond.  These factors include the nature and circumstances of the offense charged, including whether the offense is a crime of violence; the weight of the evidence; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Based on the foregoing, and for all of the reasons set forth more fully in the PSR and supplemental PSR, and at the hearing, the undersigned finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety

of other persons or the community if Defendant would be admitted to bail pending trial. In this regard, the Court notes that the government appears to have strong evidence in support of the current charge. Police initially came to the scene based on a call from Ms. Verdier, reporting Defendant's attempt to forcibly enter her residence while intoxicated. The police ultimately arrested Defendant, who was intoxicated, and they found him in possession of two firearms, ammunition, and a substance believed to be marijuana.

Although Defendant offered by way of proffer that Ms. Verdier and Defendant have resolved their differences, this does not undercut the risk of violence that Defendant poses. Defendant has multiple convictions for violent offenses stretching back fourteen years, and has had multiple orders of protection entered. Defendant also has mental health issues, for which he has recently been prescribed new medication. He also has a substantial history of substance abuse, admitted at the time of his arrest to daily alcohol abuse, and is charged here with the possession of a firearm related to an incident that involved intoxication, violent circumstances, and also suggested a total lack of control. Defendant also has a history of not complying with the terms of probation: he has had his probation revoked on more than one occasion; allegedly committed the instant offense while on probation; and also violated his most recent term of probation in other respects, including testing positive for the use of illicit substances and failing to report.

For these and other reasons, the Court also finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. 18 U.S.C. § 3142(e) and (f). The Court notes that Defendant has few economic ties to the community; allegedly committed the instant

offense while on probation; failed to report at times while on probation; has a history of mental health issues, substance and alcohol abuse; and is now facing a serious charge that carries a substantial mandatory minimum sentence, which could increase Defendant's incentive to flee.

**THEREFORE, IT IS HEREBY ORDERED** that the motion of Defendant Curtis Rainey to reconsider this Court's prior Order of detention be **denied**, and that Defendant continue to be detained pending trial in this cause.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 11th day of August, 2008.